UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| JAMES R. RANKIN, | |
| Plaintiff, | Case No. 1:17-cv-484 |
| v. | Honorable Paul L. Maloney |
| BERRIEN COUNTY, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a *pro se* civil action brought by James R. Rankin, a resident of Union Pier, Berrien County, Michigan. He named Berrien County as the defendant. He seeks an injunction to prevent the foreclosure sale of his home.

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 5). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at * 1 (E.D. Mich. June 17, 2014).

**Discussion**

Plaintiff's complaint does not allege any basis for subject matter jurisdiction. (ECF No. 1, PageID.3). There are no facts alleged regarding any action taken by the defendant. (*Id.* at PageID.4-5).

Plaintiff's complaint contains a reference to a "separate motion in support of the complaint." (*Id..* at 4). Plaintiff's motion (ECF No. 3) was docketed as a motion for a preliminary injunction. The exhibit attached to plaintiff's motion (ECF No. 3-1, PageID.17) is a January 20, 2017, notice from the Berrien County Treasurer advising plaintiff that if the delinquent taxes, interest, penalties, and fees were not paid on or before March 1, 2017, the property described in the notice would be subject to forfeiture.

**I.  Jurisdiction**

"Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and by Congress." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "As a consequence of this restriction on federal judicial power, federal jurisdiction may not be maintained by mere averment, inferred argumentatively, or supplied by inference. Put differently, . . . there is a presumption against federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citations and quotations omitted). Plaintiff "bears the burden of establishing that jurisdiction exists." *Kokkonen*, 511 U.S. at 377; *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012); *Valencia v. Commissioner*, No. 1:13-cv-922, 2014 WL 70125, at * 1 (W.D. Mich. Jan. 9, 2014). (ECF No. 1,

PageID.3). It is patent that diversity jurisdiction does not apply because plaintiff and defendant are both Michigan residents. (ECF No. 1. PageID.3). There are no facts alleged that would support the exercise of federal question jurisdiction. Plaintiff pleads no facts establishing any claim against defendant. (*Id.* at PageID.4-5). I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

## II. Failure to State a Claim

Alternatively, I recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the

court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim.

## III.  Motion for a Preliminary Injunction

A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that circumstances clearly demand it. *See Service Emp. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 344 (6th Cir. 2012) *(per curiam)*. Plaintiff's motion (ECF No. 3) contains no developed argument and it is not supported by the brief required under Rule 7.1(a) of the Local Civil Rules of the Western District of Michigan. Plaintiff has not addressed, much less carried his burden. I recommend that plaintiff's motion for a preliminary injunction (ECF No. 3) be denied.

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction and alternatively for failure to state a claim upon which relief can be granted. I recommend that plaintiff's motion for a preliminary injunction be denied.

Dated: June 2, 2017              /s/ Phillip J. Green
                                              United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).